# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BRENT ROUSAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 4:16-CV-01502-SPM |
| v. | ) | |
| | ) | |
| JENNIFER SACHSE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner William Brent Rousan's ("Rousan" or "Petitioner") amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 24). Respondent filed a response to the Petition. (Doc. 36). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 5). For the reasons set forth below, Rousan's petition for writ of habeas corpus will be stayed to allow Petitioner to exhaust all available state court remedies.

**I. Background**

Rousan is currently an inmate at the Jefferson City Correctional Center in Jefferson City, Missouri. On March 4, 1996, Rousan was sentenced to two consecutive terms of life imprisonment without eligibility for parole on two counts of first degree murder, after pleading guilty in exchange for a waiver of the death penalty. Rousan was sixteen years old at the time he committed the offenses.

Rousan filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, in which he alleged ineffective assistance of counsel and attempted to withdraw his guilty

1

plea. (Doc. 24-1 at 3). That motion was denied without a hearing, and the motion court's ruling was affirmed on appeal. *Id*. Subsequently, Rousan filed a *pro se* direct appeal in 2005, seeking to withdraw his guilty plea, which was dismissed as untimely on February 6, 2006. *Id*. Rousan then filed a motion for a writ of habeas corpus in 2012, in the Circuit Court of Cole County, which was denied on April 23, 2012. *Id*.

On June 25, 2012, the United States Supreme Court issued its opinion in *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held that the Eighth Amendment prohibits a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. *Id*. at 479. The Court reasoned that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences," the "family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional," the "circumstances of the homicide offense," and "the possibility of rehabilitation[.]" *Id*. at 477-78.

On March 12, 2013, Petitioner filed a petition for writ of habeas corpus in the Missouri Supreme Court, alleging that his sentence was unconstitutional in light of *Miller*. On January 27, 2016, while Rousan's petition was still pending, the United States Supreme Court decided the case of *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), holding that the rule of *Miller* must be retroactively applied in collateral cases to persons sentenced to mandatory life without parole for juvenile sentences before *Miller* was decided. *Id*. at 732. The Court clarified, however, that this retroactive application "does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole." *Id*. Rather, "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for

2

parole, rather than by resentencing them." *Id*. Regarding this remedy, the Court cited a Wyoming statute that allows a juvenile convicted of homicide to be eligible for parole after 25 years incarceration. *Id*. (citing Wyo. Stat. Ann. § 6-10-301(c) (2013)). The Court specifically held that "allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." *Id*.

On March 15, 2016, the Missouri Supreme Court issued an order in Petitioner's habeas case, as well as all other similarly situated cases, stating that the Missouri General Assembly had yet to enact a constitutionally valid sentencing provision in accordance with *Miller* and *Montgomery*. Therefore, the Missouri Supreme Court granted Rousan's petition in part and ordered that he (and those similarly situated) would be eligible to apply for parole after 25 years' imprisonment on their sentences of life without parole unless their sentences were otherwise brought into conformity with *Miller* and *Montgomery* by action of the governor or enactment of the legislature.

On July 13, 2016, the Governor signed into law Missouri Senate Bill No. 590, 98th General Assembly, which states, in relevant part:

> 1. (1) Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence . . . after serving twenty-five years of incarceration.
> \*\*\*\*\*
> 4. The parole board shall hold a hearing and determine if the defendant shall be granted parole.
>  (codified at Mo. Rev. Stat. § 558.047).

In light of Mo. Rev. Stat. § 558.047, the Missouri Supreme Court issued an order on July 19, 2016, vacating its March 15 order, overruling as moot the motions for rehearing or resentencing

3

filed by Rousan and others similarly situated, and denying the pending petitions for state habeas corpus.

Because Rousan is serving two consecutive sentences of life without parole, he is not eligible to petition for parole until he has served twenty-five years on each sentence, a total of fifty years, at which time Rousan will be 69 years of age. (Doc. 36 at 2).

On October 14, 2016, Rousan filed a *pro se* petition for writ of habeas corpus in this Court, raising one ground for relief: that Mo. Rev. Stat. § 558.047 is unconstitutional as applied to him because he will not be eligible for parole until he is 69 years old, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 1). Subsequently, this Court appointed counsel to represent Rousan, after which Rousan submitted the amended petition currently before the Court, in which he asserts the same sole ground for relief.

On February 28, 2017, Rousan filed a *pro se* writ for habeas corpus in the Missouri Supreme Court pursuant to Missouri Supreme Court Rule 91, in which he similarly asserted that Mo. Rev. Stat. § 558.047 is unconstitutional as applied to him. (Doc. 24-1 at 5). The Missouri Supreme Court denied the petition without prejudice pursuant to Missouri Supreme Court Rule 84.22(a), which states, "No original remedial writ shall be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court."

Respondent, in the response filed on August 13, 2018, asserts that Rousan's sole ground for relief is not properly before the Court because it has not been exhausted in state court. (Doc. 36). Although given the opportunity, Rousan did not reply to Respondent's response. In his amended petition, though, Rousan asserted that his claim has been fairly presented to the state court and is exhausted.

## II. Discussion

### A. Exhaustion

"In a habeas setting, a federal court is bound by the 'Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003); 28 U.S.C. § 2254. Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254.

A state prisoner must exhaust available state remedies before obtaining federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); Section 2254(b)(1)(A). This requires that a prisoner "give state courts a fair opportunity to act on their claims." *O'Sullivan*, 526 U.S. at 844; *accord Dansby v. Norris*, 682 F.3d 711, 722 (8th Cir. 2012). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' " *Id*. at 179 (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). The requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief "still open to the habeas applicant at the time he files his application in federal court." *Humphrey v. Cady*, 405 U.S. 504,

516 (1972). A petitioner satisfies the exhaustion requirement by showing either that he "made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999); *accord Meador v. Branson*, 688 F.3d 433, 435 (8th Cir. 2012). The burden is on the Petitioner to show that all available state remedies have been exhausted or that exceptional circumstances exist. *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998).

After careful review of the record, the Court concludes that Rousan's claim has not been properly raised before the state courts and therefore, Petitioner has not met his burden—his claim remains unexhausted and he has not shown that exceptional circumstances exist. However, "if no state court remedy is available for [an] unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) may yet be satisfied. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). However, as further discussed below, the Court finds that Petitioner still has non-futile state court remedies he may pursue.

In the context of Missouri habeas law, although a "post-conviction motion[ ] for relief [is] designed to provide a single unitary, post-conviction remedy, to be used in place of other remedies, including the writ of habeas corpus," subsequent state habeas relief is not barred in certain circumstances. *State ex rel. Laughlin v. Bowersox,* 318 S.W.3d 695, 701 (Mo. 2010) (en banc) (internal quotation marks omitted). Specifically, state habeas relief may be available "when the petitioner can demonstrate: (1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural defect was caused by something external to the defense—that is, a cause for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to the petitioner's actual and substantial disadvantage." *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516–17 (Mo. 2010) (en banc) (quoting *Brown v. State*, 66 S.W.3d 721, 731 (Mo.

2002) (en banc)). A petitioner can also seek state habeas relief in other rare circumstances—such as when a defendant is impeded from complying with state post-conviction rules through no fault of his own, or, as is the case here, when the basis of a claim was not earlier available. *Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010)), *cert. denied*, 562 U.S. 1259 (2011).

Habeas corpus proceedings in Missouri state court are governed by Missouri Supreme Court Rule 91. There is no time limitation for the filing of a state habeas petition under Missouri Supreme Court Rule 91. *Davis v. Purkett*, 296 F.Supp.2d 1027, 1030 (E.D. Mo. 2003); *Jones v. Sachse*, No. 4:11CV01310 SNLJ, 2014 WL 4410394, at *14 (E.D. Mo. Sept. 8, 2014). A Rule 91 habeas petition must first be filed in the circuit or associate circuit court of the county where the petitioner is in custody. Mo. S. Ct. R. 91.01(a). *See Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982); *see also Brown v. Missouri Bd. of Prob. & Parole*, 727 F.Supp. 524, 531 (W.D. Mo. 1989). Thereafter, to be considered exhausted for purposes of federal habeas review, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *Romano*, 681 F.2d at 556-57.

While, "[u]nder Missouri law, a Rule 91 state habeas action may not be used to present claims which could have been raised on direct appeal or in a motion under Rule [24.035]," that is clearly not the case here, as Rousan could not have raised his claims prior to the enactment of Mo. Rev. Stat. § 558.047. *Mercer v. Steele*, No. 4:11CV02038 AGF, 2012 WL 2684973, at *1 (E.D. Mo. July 6, 2012). Therefore, in light of the circumstances of this case, there appears to be a remedy now available to Rousan by which he may pursue his claim in state court, namely, a Rule 91 state habeas petition filed in the appropriate circuit court. Indeed, the Missouri Supreme Court recently dismissed, pursuant to Rule 84.22(a), two habeas petitions raising similar issues as the Petitioner, and those petitioners subsequently filed new habeas petitions pursuant to Rule 91 in the

7

proper circuit court. *See Davis v. Bowersox*, Case No. SC96014 (May 30, 2017); *Davis. v. Bowersox, et al.*, Case No. 16–00246–CV–W–RK (Jun. 6, 2017 ECF No. 25); *Davis v. Norman*, Case No. 17TE–CC00207 (Circuit Court of Texas County, Missouri) (filed June 3, 2017) and *Hack v. Cassady*, Case No. SC95948 (May 30, 2017); *Hack v. Cassady*, Case No. 4:16–CV004089–W–ODS (Jun. 7, 2017 ECF No. 26); *Hack v. Norman*, Case No. 17TE–CC00206 (filed June 3, 2017).

Rousan is confronted with that precise situation. He filed a state habeas petition with the Missouri Supreme Court under Rule 91, and the Missouri Supreme Court denied it without prejudice under Rule 84.22(a), because Rousan should have brought his habeas claim at the circuit court level in the first instance. Rousan may now bring a Rule 91 habeas petition before the circuit court, thus providing the state courts with an opportunity to determine the merits of his claim. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (The principles of comity and federalism urge that the state be given "the first opportunity to address and correct alleged violations of state prisoner's federal rights."); *see also Rhines v. Weber*, 544 U.S. 269, 273 (2005) ("[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims."). Furthermore, Rousan's efforts at the state level are demonstrably non-futile, as at least one Rule 91 state habeas petition in Missouri has been granted under *Miller* and *Montgomery* despite the enactment of Mo. Rev. Stat. § 558.047. *See Edwards v. Steele*, 533 S.W.3d 238, 244 (Mo. Ct. App. 2017) (holding that a sentence of mandatory life without the possibility of parole for 50 years imposed on a juvenile defendant violated *Miller* and *Montgomery*).

**B. Stay**

The Court now turns to concerns regarding whether Petitioner would have time remaining to file another federal habeas petition under the statute of limitations period prescribed in 28 U.S.C. § 2244(d) after exhausting his remedies in state court. Section 2254 petitions are subject to a one-

year limitation period pursuant to 28 U.S.C. § 2244(d). This time period has already elapsed, as Petitioner has not yet brought a Rule 91 petition before the proper state circuit court, and Mo. Rev. Stat. § 558.047 was enacted on July 17, 2016. The Eighth Circuit has not yet addressed whether a federal application for habeas corpus relief may be subject to equitable tolling where the initial federal petition is timely, but is dismissed on exhaustion grounds, and a second petition is late due to additional state court proceedings. *But see York v. Galetka*, 314 F.3d 522, 524 (10th Cir. 2003) (allowing equitable tolling). However, a district court may, in "limited circumstances" issue a stay where it would be "a proper exercise of discretion," and the petitioner has "good cause for [his] failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 275-77.

In five recent federal habeas cases, all brought by petitioners with *Miller/Montgomery* claims in circumstances similar to this case, the district court stayed the habeas action to avoid a situation where AEDPA's one-year statute of limitations would be expired despite the petitioners' diligence. *See Seddens v. Wallace*, No. 4:16-CV-00449-AGF, 2019 WL 2327661, at *3 (E.D. Mo. May 31, 2019); *Stewart v. Bowersox*, No. 4:16-CV-001240-AGF, 2019 WL 2173448, at *4 (E.D. Mo. May 20, 2019); *Williams v. Precythe*, No. 4:16-CV-393 RWS, 2019 WL 1380042, at *3 (E.D. Mo. Mar. 27, 2019); *Davis v. Bowersox*, No. 16-00246-CV-W-RK, 2017 WL 379463, at *4 (W.D. Mo. Jan. 26, 2017); *Hack v. Cassady*, No. 16-04089-CV-W-ODS, 2016 WL 6986712, at *2 (W.D. Mo. Nov. 28, 2016). Additionally, in *Williams* and *Stewart*, the Court granted the stay despite the lack of a "mixed" petition, *i.e.*, a petition containing both exhausted and unexhausted claims. *See Stewart*, 2019 WL 2173448, at *4; *Williams*, 2019 WL 1380042, at *3 (finding that although the holding in *Rhines* was made "in the context of 'mixed' petitions," that holding is "not made exclusive to the context of mixed petitions").

The Court finds that Rousan's situation is one of the limited circumstances where a stay is appropriate. The absence of a stay would ensure that AEDPA's statute of limitations runs before Petitioner can return to federal court. *Hack v. Cassady*, No. 16-04089-CV-W-ODS, 2016 WL 6986712, at *2 (W.D. Mo. Nov. 28, 2016). Thus the Court will enter a stay in this case and direct Petitioner to pursue state remedies within a brief interval. *See Williams*, 2019 WL 1380042, at *3 (directing Petitioner to pursue state remedies within 30 days after the stay is entered and return to federal court within 30 days after state court exhaustion is completed).

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that this action is **STAYED** and administratively closed until Petitioner William Brent Rousan exhausts his state court remedies. Rousan must pursue state court remedies within **30 days** after this stay is entered and return to federal court within **30 days** after state court exhaustion is completed.

Dated this 19th day of August, 2019.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE