## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| WILLIAM BRENT ROUSAN,           ) | |
| ) | |
| Petitioner,                     ) | |
| )                               | Case No. 4:16-CV-01502-SPM |
| v.                              ) | |
| )                               | |
| JAY CASSADY,                    ) | |
| )                               | |
| Respondent.                     ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner William Brent Rousan's ("Rousan" or "Petitioner") motion to lift stay (Doc. 40) and motion to appoint counsel (Doc. 41). Respondent has not filed a response to the motions, and the time to do so has passed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 5). For the reasons set forth herein, the motions will be granted.

**I.   Motion to Lift Stay**

Rousan is currently an inmate at the Jefferson City Correctional Center in Jefferson City, Missouri. On March 4, 1996, Rousan was sentenced to two consecutive terms of life imprisonment without eligibility for parole on two counts of first degree murder, after pleading guilty in exchange for a waiver of the death penalty. Rousan was sixteen years old at the time he committed the offenses.

As is discussed in the Court's August 19, 2019 Order (Doc. 37), Rousan's sentence was impacted by two subsequently decided United States Supreme Court opinions and a Missouri

1

statue enacted in 2016.[1] Although Rousan was initially parole ineligible, Mo. Rev. Stat. § 558.047 makes him eligible to petition for parole after he has served twenty-five years on each sentence, a total of fifty years, at which time Rousan will be 69 years of age. (Doc. 36 at 2).

On October 14, 2016, Rousan filed a *pro se* petition for writ of habeas corpus in this Court, raising one ground for relief: that Mo. Rev. Stat. § 558.047 is unconstitutional as applied to him because he will not be eligible for parole until he is 69 years old, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 1). Subsequently, this Court appointed counsel to represent Rousan, after which Rousan submitted an amended petition, in which he asserted the same sole ground for relief. In the response filed on August 13, 2018, Respondent asserted that Rousan's sole ground for relief is not properly before the Court because it has not been exhausted in state court. (Doc. 36).

On August 19, 2019, the Court concluded that Rousan's claim had not been properly raised before the state courts, and that Rousan still had non-futile state court remedies he may pursue.[2] (Doc. 37). Accordingly, the Court entered an order staying this action, so that Petitioner could pursue his unexhausted claim in state court.

---

[1] In *Miller v. Alabama,* 567 U.S. 460 (2012), the Supreme Court held that mandatory life without parole sentences for juvenile homicide offenders violates the Eighth Amendment. In *Montgomery v. Louisiana,* 136 S. Ct. 718 (2016), the Supreme Court held the rule of *Miller* must be applied retroactively. The Court explained that "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Id.* at 732.
Missouri Revised Statute § 558.047 was enacted on July 13, 2016. Section 558.047 states in part: "Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence ... after serving twenty-five years of incarceration."

[2] As is discussed in the Court's prior order, Rousan's claim could not have been presented prior to the enactment of Mo. Rev. Stat. § 558.047 on July 13, 2016. (Doc. 37 at 3). Rousan filed a state habeas petition with the Missouri Supreme Court under Rule 91, and the Missouri Supreme Court denied it without prejudice under Rule 84.22(a), because Rousan should have brought his habeas claim at the circuit court level in the first instance. Rousan may now bring a Rule 91 habeas petition before the circuit court, thus providing the state courts with an opportunity to determine the merits of his claim. (Doc. 37 at 8).

Rousan subsequently filed a petition for writ of habeas corpus in the Circuit Court of Cole County. On July 13, 2020, Cole County Circuit Judge Daniel Green entered an Order denying Rousan's petition for writ of habeas corpus with prejudice. (Doc. 41-1 at 4-15). On September 3, 2020, Petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals, Western District. On October 8, 2020, the appellate court denied the petition. (Doc. 41-1 at 16).

On October 21, 2020, Petitioner filed the present motion to lift stay, asserting that he has pursued his state court remedies and he now seeks habeas relief from this Court. The Court will grant this motion to lift stay.

## II.  Motion to Appoint Counsel

Pursuant to the Eastern District of Missouri Criminal Justice Act ("CJA") Plan, the Court has the discretion to appoint counsel for a § 2254 habeas petitioner "if the interests of justice so require." On June 7, 2017, the Court appointed Joseph M. Hogan, a member of the Court's CJA Panel, to represent Rousan in this matter. (Doc. 19). Mr. Hogan's CJA appointment did not extend to Rousan's pursual of his state court remedies after this action was stayed and administratively closed. Rousan now moves for the re-appointment of Mr. Hogan to represent him. The Court concludes that it is in the interests of justice to appoint Mr. Hogan to represent Petitioner.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner William Brent Rousan's motion to lift stay (Doc. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to lift the stay, and reopen this case.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint Joseph M. Hogan as counsel (Doc. 41) is **GRANTED.**

**IT IS FURTHER ORDERED** that a CJA 20 Appointment of Joseph M. Hogan and Authority to Pay Court Appointed Counsel shall issue on Petitioner's behalf.

**IT IS FURTHER ORDERED** that Petitioner, through CJA counsel, shall have **sixty (60) days** from the date of this Order to file a second amended petition. If the second amended petition is not filed by the deadline, this action may be dismissed without further notice to Petitioner.

Dated this 23rd day of November, 2020.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

4