UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BRENT ROUSAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:16-CV-01502-SPM |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This matter is before the undersigned on the petition of Missouri state prisoner William Brent Rousan ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254. (Doc. 47). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C.A. § 636(c)(1). (Doc. 23). For the following reasons, the petition will be denied.

## I. FACTUAL BACKGROUND

Rousan is currently an inmate at the Jefferson City Correctional Center in Jefferson City, Missouri. On March 4, 1996, after pleading guilty in exchange for a waiver of the death penalty, Rousan was sentenced to two consecutive terms of life imprisonment without eligibility for parole on two counts of first-degree murder. Rousan was sixteen years old at the time he committed the offenses.

Rousan filed a motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 24.035, in which he alleged ineffective assistance of counsel and attempted to withdraw his guilty plea. (Doc. 47 at 3). That motion was denied without a hearing, and the motion court's ruling was affirmed on

1

appeal. *Id.* Subsequently, Rousan filed a pro se direct appeal in 2005, seeking to withdraw his guilty plea, which was dismissed as untimely on February 6, 2006. *Id.* at 2. He then filed a motion for a writ of habeas corpus in 2012, in the Circuit Court of Cole County, which was denied on April 23, 2012. (Doc. 48 at 3).

On June 25, 2012, the United States Supreme Court issued its opinion in *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held that the Eighth Amendment prohibits a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. *Id.* at 479. The Court reasoned that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences," the "family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional," the "circumstances of the homicide offense," and "the possibility of rehabilitation[.]" *Id.* at 477-78.

On March 12, 2013, Rousan filed a petition for writ of habeas corpus in the Missouri Supreme Court, alleging that his sentence was unconstitutional in light of *Miller*. On January 27, 2016, while Rousan's petition was still pending, the United States Supreme Court decided the case of *Montgomery v. Louisiana*, 577 U.S. 190 (2016), holding that the rule of *Miller* must be retroactively applied in collateral cases to juveniles sentenced to mandatory life without parole before Miller was decided. *Id.* at 205. The Court clarified, however, that this retroactive application "does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole." *Id.* Rather, "[a] State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Id.* Regarding this remedy, the Court cited a Wyoming statute that allows a

2

juvenile convicted of homicide to be eligible for parole after 25 years of incarceration. *Id.* (citing Wyo. Stat. Ann. § 6-10-301(c)). The Court specifically held that "allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." *Id.*

On March 15, 2016, the Missouri Supreme Court issued an order in Rousan's habeas case, as well as all other similarly situated cases, stating that the Missouri General Assembly had yet to enact a constitutionally valid sentencing provision in accordance with *Miller* and *Montgomery*. Therefore, the Missouri Supreme Court granted Rousan's petition in part and ordered that he (and those similarly situated) would be eligible to apply for parole after 25 years' imprisonment on their sentences of life without parole unless their sentences were otherwise brought into conformity with *Miller* and *Montgomery* by action of the governor or enactment of the legislature.

On July 13, 2016, the Governor signed into law Missouri Senate Bill ("S.B.") No. 590, 98th General Assembly, which states, in relevant part:

1. (1) Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence ... after serving twenty-five years of incarceration.

\* \* \*

4. The parole board shall hold a hearing and determine if the defendant shall be granted parole.

(codified at Mo. Ann. Stat. § 558.047 ).

3

In light of Mo. Ann. Stat. § 558.047, the Missouri Supreme Court issued an order on July 19, 2016, vacating its March 15 order, overruling as moot the motions for rehearing or resentencing filed by Rousan and others similarly situated, and denying the pending petitions for state habeas corpus.

On October 14, 2016, Rousan filed a pro se petition for writ of habeas corpus in this Court, raising one ground for relief: that Mo. Ann. Stat. § 558.047 is unconstitutional as applied to him because the statute creates an "arbitrary and unfair distinction between youth convicted before and after August 28, 2016," when the statute was put into effect. (Doc. 1). Subsequently, this Court appointed counsel to represent Rousan, after which he submitted an amended petition asserting that Mo. Ann. Stat. § 558.047 is unconstitutional as applied to him because he will be 67 years old before he is eligible for parole. (Doc. 24-1 at 10). In the response filed on August 17, 2018, Respondent asserted that Rousan's sole ground for relief is not properly before the Court because it has not been exhausted in state court. (Doc. 36).

On August 19, 2019, the Court concluded that Rousan's claim had not been properly raised before the state courts, and that Rousan still had non-futile state court remedies he may pursue. (Doc. 37). Accordingly, the Court entered an order staying this action, so that Petitioner could pursue his unexhausted claim in state court.

Rousan subsequently filed a petition for state writ of habeas corpus in the Circuit Court of Cole County. (Doc 50-1).  On July 13, 2020, Cole County Circuit Judge Daniel Green entered an Order denying Rousan's state petition for writ of habeas corpus with prejudice. (Doc. 50-2 at 4-11). On September 3, 2020, Rousan filed a petition for writ of habeas corpus in the Missouri Court of Appeals, Western District. (Doc 50-3). On October 8, 2020, the appellate court denied the

4

petition. (Doc. 50-4). Rousan subsequently filed a motion to lift the stay issued by this Court. (Doc. 40). This Court granted Rousan's motion and appointed counsel on November 23, 2020. (Doc 43).

In the instant petition, Rousan requests this Court resentence him. He argues that Mo. Ann. Stat. § 558.047 violates his rights "under the Eighth and Fourteenth Amendment … as he is ineligible for even a parole hearing for fifty (50) years, or in 2044." (Doc 48 at 2).

## II.  LEGAL STANDARDS

### A.  LEGAL STANDARD FOR REVIEWING CLAIMS ON THE MERITS

A district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). Federal habeas review exists only "as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal citations and quotations omitted). Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (internal citation omitted). Under AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d)(1) and (2). A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that

5

contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state courts presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citation and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence).

### B.  LEGAL STANDARD FOR PROCEDURALLY DEFAULTED CLAIMS

To preserve a claim for federal habeas review, "a state habeas petitioner must present that claim to the state court and allow that court an opportunity to address his claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's]

6

efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.*" *United States v. Frady*, 456 U.S. 152, 170 (1982); *accord Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

### III.   DISCUSSION

Petitioner Rousan's sole ground for relief is that, under *Miller*, Mo. Ann. Stat. § 558.047 violates his Eighth and Fourteenth Amendment rights because, at a parole eligibility age of 67 years old, he is serving a de facto life without parole sentence. (Doc. 48 at 13). He argues that under *Miller*, Mo. Ann. Stat. § 558.047 violates his Eighth and Fourteenth Amendment rights because he is entitled to a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* He contends that the statute provides no relief or opportunity for "any judge, or jury to hear any of the facts now required to be considered" as detailed in *Miller* and *Graham*. *Id.* To remedy the purported error, Rousan requests a resentencing hearing, "so that for the first time since the date of the crime, he [will] have a meaningful opportunity to present attendant circumstances to a court." *Id.* at 25.

#### A.   FOURTEENTH AMENDMENT VIOLATION

As noted above, Rousan's sole ground for relief is that Mo. Ann. Stat. §558.057 violates both the Eighth and Fourteenth Amendments. This Court recognizes that Rousan's reference to the Fourteenth Amendment may have been nothing more than an acknowledgement that the Eighth

7

Amendment's protection against cruel and unusual punishment applies to state governments only through the due process clause of the Fourteenth Amendment. *See Robinson v. California,* 370 U.S. 660 (1962). However, to the extent that Rousan is attempting to raise a separate Fourteenth Amendment claim, the Court finds his claim is procedurally defaulted because it was not raised at the state level. *Moore-El* 446 F.3d at 896. As discussed above, a state prisoner can overcome such a procedural default only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Rousan has failed to provide any evidence justifying the cause for his default, actual prejudice, or that the default would result in a fundamental miscarriage of justice. *Moore-El* 446 F.3d at 896. Therefore, any separate Fourteenth Amendment claim is denied as procedurally defaulted.

Even if Rousan had a separate cognizable Fourteenth Amendment claim, Respondent argues such a claim would fail because Rousan cited no authority differentiating between his Eighth Amendment and Fourteenth Amendment claims. (*See* Doc. 50 at 4). After a review of Rousan's state habeas petition, the Court cannot ascertain a Fourteenth Amendment claim that is distinct and separate from Rousan's Eighth Amendment claim. As such, Rousan's purported Fourteenth Amendment claim will be denied for the reasons discussed below regarding his Eighth Amendment claim.

      **B.**    **EIGHTH AMENDMENT VIOLATION**

Rousan has failed to show that the Cole County Circuit Court's decision was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or that the circuit court's ruling was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

8

28 U.S.C.A. § 2254(d)(1) and (2). In deciding Rousan's state habeas petition, the Cole County Circuit Court carefully considered Supreme Court precedent and found that "[n]either Miller nor Montgomery dealt with minimum parole eligibility terms for consecutive sentences," and reasoned that to accept Rousan's argument, the court would have to expand Supreme Court precedent beyond the four corners of the opinions. (Doc. 50-2 at 10-11). The court declined to do so, finding that as applied, Rousan had no right to resentencing, and that Mo. Ann. Stat. § 558.047 provides no more relief than *Miller* and *Montgomery* require. *Id.* at 4. The court cited analogous state and federal denials of habeas relief to bolster its decision, and reasonably applied Supreme Court precedent. *See id.* at 4-8.

To be sure, this Court does not address whether Rousan, who will be age 67 before becoming parole eligible, is effectively serving a de facto life sentence. Furthermore, it is not this Court's role to independently assess the constitutionality of S.B. 590. Instead, pursuant to the AEDPA, this Court may only grant Rousan habeas relief if it determines that the state court adjudication "was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d)(1). Such review is "highly deferential." *Ali v. Roy*, 950 F.3d 572, 574 (8th Cir. 2020) (internal citations omitted). Furthermore, courts in this circuit have denied various similar requests for habeas relief, even where the state court adjudication included no substantive analysis. *Hack v. Cassady*, No. 16-04089-CV-W-ODS, 2019 WL 320586 (W.D. Mo. Jan. 24, 2019); *Saddler v. Pash*, No. 4:16-CV-00363-AGF, 2018 WL 999979 (E.D. Mo. Feb. 21, 2018); *see also Wolf v. Cassady*, No. 16-3334-CV-S-MDH, 2019 WL 1089125 (W.D. Mo. Mar. 7, 2019). Notably, the Missouri Supreme Court has now weighed in on the issue and upheld the constitutionality of S.B. 590, holding that "Missouri's General Assembly can accept the Supreme

Court's invitation to remedy Miller-affected sentences by supplying parole eligibility." *Hicklin v. Schmitt*, 613 S.W.3d 780, 787 (Mo. banc 2020).

There is no basis for this Court to conclude that the state court unreasonably applied federal law. The Cole County Circuit Court appropriately relied on language in *Montgomery* suggesting that remedies like S.B. 590 are a permissible legislative response to *Miller*. The state's adjudication of Rousan's claim on the merits "gets the benefit of the doubt" unless he showed that its decision "was so lacking in justification that there [is] an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Ali*, 950 F.3d at 574 (internal citation omitted). Rousan has failed to show the court's reasoning is lacking in justification. Thus, he has not demonstrated that the Missouri courts unreasonably applied federal law in denying his state habeas petition.

### IV. CONCLUSION

For all the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C.A. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C.A. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C.A. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (internal citation omitted). The Court finds that Rousan has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability.

Accordingly,

10

**IT IS HEREBY ORDERED** that Rousan's amended petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 (Doc. 47) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C.A. § 2253.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of January, 2024